UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY LEE KENNEMER,<br><br>    Plaintiff,<br><br>  v.<br><br>GREG RAUCH and LAWRENCE MORAN,<br><br>    Defendants. | Case No. 3:25-cv-00019-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kelly Kennemer's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## 1.    Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989)

(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b) and (c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

## 2.    Factual Allegations

Plaintiff is an in the Clearwater County Jail. Plaintiff sues his defense attorneys in his state court criminal case. Plaintiff claims the attorneys did not provide him with effective assistance of counsel, that they have caused Plaintiff to suffer emotional distress, that they have defamed Plaintiff, and that they have violated the Idaho State Constitution. *Compl.*, Dkt. 3, at 2. Plaintiff seeks monetary damages.

## 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.    *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting *under color of state law*. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, a defense attorney "is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added). Accordingly, Plaintiff's § 1983 claims against his criminal defense attorneys are implausible.

### B.    *State Law Claims*

In addition to § 1983 claims, Plaintiff asserts state law claims of emotional distress and defamation, as well as a violation of the Idaho State Constitution.

i.      Emotional Distress Claims

It is unclear whether Plaintiff is asserting negligent or intentional infliction

of emotional distress. The elements of a negligence claim under Idaho law are

"(1) a duty, recognized by law, requiring a defendant to conform to a certain

standard of conduct; (2) a breach of that duty; (3) a causal connection between the

defendant's conduct and the resulting injuries; and (4) actual loss or damage."

*McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011). In

addition to these four elements, a plaintiff asserting negligent infliction of

emotional distress must also show that he suffered "a physical manifestation of the

… emotional injury, which is designed to provide a degree of genuineness that

claims of mental harm are not imagined." *Frogley v. Meridian Joint Sch. Dist. No.*

*2*, 314 P.3d 613, 624 (Idaho 2013).

A plaintiff must establish four elements to recover for intentional infliction

of emotional distress: "(1) the conduct must be intentional or reckless; (2) the

conduct must be extreme and outrageous; (3) there must be a causal connection

between the wrongful conduct and the emotional distress; and (4) the emotional

distress must be severe." *Evans v. Twin Falls Cty.*, 796 P.2d 87, 97 (Idaho 1990).

The fourth factor, that the distress is severe, requires that "the distress inflicted is

so severe that no reasonable man could be expected to endure it." *Id*. (quoting

Restatement (Second) of Torts, § 46 cmt. j. There generally must be "physical

manifestations" of emotional distress, or evidence that the victim was "hampered in the performance of [his] daily functions," for emotional distress to be considered severe.

Plaintiff's vague allegations of emotional injury do not plausibly suggest that either Defendant is liable for negligent or intentional infliction of emotional distress. Therefore, these claims are implausible.

      ii.           <u>Defamation Claims</u>

Under Idaho law, a defamation claim against a non-public figure requires that the plaintiff show (1) that the defendant "communicated information concerning the plaintiff to others," (2) "that the information was defamatory," and (3) "that the plaintiff was damaged because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007). A defamatory statement is one that "tends to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." *Elliott v. Murdock*, 385 P.3d 459, 465 (Idaho 2016) (internal quotation marks and alterations omitted). Not all damaging communications constitute defamation. For example, "[s]tatements of opinion," as well as statements of fact "that cannot be proved false," are not defamatory. *Irish v. Hall*, 416 P.3d 975, 980 (Idaho 2018) (internal quotation marks omitted).

Plaintiff has included no allegations about any allegedly defamatory statements made by his criminal defense attorneys. Thus, these claims are implausible.

### iii.    Idaho Constitutional Claims

Plaintiff's claims under the Idaho State Constitution are also implausible. As this Court has previously held, "Idaho does not recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. Cnty. of Benewah*, No. 2:18-CV-00320-DCN, 2020 WL 1049905, at *7 (D. Idaho Mar. 4, 2020) (unpublished), *aff'd*, 843 F. App'x 975 (9th Cir. 2021).

### iv.    Conclusion Regarding State Law Claims

For the above reasons, the Complaint fails to state a claim upon which relief may be granted under Idaho state law. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff files an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

## 4.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional

rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if

the amendment does not comply with Rule 8, this case may be dismissed without

further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a

litigant knowingly and repeatedly refuses to conform his pleadings to the

requirements of the Federal Rules, it is reasonable to conclude that the litigant

simply *cannot* state a claim.").

## ORDER

### IT IS ORDERED:

1.   The Complaint fails to state a claim upon which relief may be granted.

     Plaintiff has 28 days within which to file an amended complaint as

     described above. If Plaintiff does so, Plaintiff must file (along with the

     amended complaint) a Motion to Review the Amended Complaint.

     Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if

     Plaintiff no longer intends to pursue this case.[1]

2.   If Plaintiff does not file a timely amended complaint, this case may be

     dismissed with prejudice and without further notice for failure to state

     a claim upon which relief may be granted, failure to prosecute, or

     failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and

     1915A; Fed. R. Civ. P. 41(b).

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

3.      Because an amended complaint is required for Plaintiff to proceed,

Plaintiff's request for appointment of counsel (contained in the

Complaint) is DENIED without prejudice. Plaintiff may renew the

request for counsel in an amended complaint.

DATED: March 24, 2025

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11